IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FELTON LAMAR GRAY, | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:08-CV-088-Y |
| | § | |
| NATHANIEL QUARTERMAN, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United

States District Court for the Northern District of Texas. The Findings, Conclusions and

Recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A.      NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

B.      PARTIES

Petitioner Felton Lamar Gray, TDCJ-ID #1302523, is confined by the Texas Department of

Criminal Justice, Correctional Institutions Division, in the Wayne Scott Unit, Angleton, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division.

## C.      CASE HISTORY

Gray was indicted in Cause # 0929056D in Criminal District Court No. 2, Tarrant County, Texas, for aggravated assault with a deadly weapon.  (Clerk's R. 2).  Complaining witness Yolanda Mitchell testified that she and Gray were living together in February 2004, that they had an argument, and that Gray hit her on the legs, back, arm and head with a baseball bat.  (5 Rep. R. 11-27).  Mitchell was taken to the emergency room for treatment of a head wound.  (5 Rep. R. 38-39).

A jury found Gray guilty of the offense as charged in the indictment, and after Gray pleaded true to the enhancement paragraphs in the indictment, the jury assessed a punishment of life imprisonment.  (Clerk's R. 44, 53, 56).  The Texas Court of Appeals affirmed the trial court's judgment on direct appeal.  *Gray v. Texas*, No. 2-05-180-CR, 2006 WL 2627410 (Tex. App.–Fort Worth Sept. 14, 2006, no pet.).  Gray did not file a petition for discretionary review with the Texas Court of Criminal Appeals.  Gray has filed one state application for writ of habeas corpus, which the Texas Court of Criminal Appeals denied without written order based on the findings of the trial court.  *Ex parte Gray*, No. WR-68,301-03 (Tex. Crim. App. Jan. 16, 2008).  Gray filed his federal petition for writ of habeas corpus on February 4, 2008.

## D.    ISSUES

Gray alleges the following as grounds for relief:

1.      Trial court error because the court

\

      a.      failed to explain Gray's right to counsel;
      b.      failed to conduct a balancing test before admitting his prior convictions;
      c.      allowed a police officer to testify as an expert witness;
      d.      admitted photographs that had been altered;
      e.      failed to give an instruction on reasonable doubt; and
      f.      failed to give a deadly weapon charge to the jury;

2.      Prosecutor misconduct because

        a.      the State withheld exculpatory evidence; and

        b.      the prosecutor made an improper closing argument;

3.      Ineffective assistance of counsel at trial; and

4.      Ineffective assistance of counsel on appeal.

E.      RULE 5 STATEMENT

Respondent asserts that Issues 1 and 2(b) are unexhausted and procedurally defaulted.

F.      LEGAL STANDARD FOR GRANTING HABEAS CORPUS RELIEF

The standards codified in 28 U.S.C. § 2254 guide our review of a petition for writ of habeas corpus filed by a state prisoner:

> (d)      An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim—
>
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Lindh v. Murphy*, 521 U.S. 320 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. *See* 28 U.S.C. § 2254(d)(1)-(2); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere disagreement with the state court is not enough—the standard is one of objective reasonableness. *Id.* In addition, state court determinations of underlying factual issues are presumed correct, and the petitioner has the

burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006).

G.      DISCUSSION

1.      Trial Court Error

Gray contends that the state trial court erred in numerous respects, including failing to explain to Gray what the right to counsel entailed, failing to conduct a balancing test before admitting evidence of Gray's previous convictions, allowing a police offer to testify as an expert witness, admitting crime-scene photographs that had been altered or tampered with, and omitting necessary instructions from the jury charge.  Respondent asserts that these claims are unexhausted and procedurally defaulted.

A petition for writ of habeas corpus shall not be granted unless the applicant has exhausted his state court remedies.  28 U.S.C. § 2254(b), (c). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 732, 144 L.Ed.2d 1 (1999); *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claim before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988).

On direct appeal, Gray complained that the trial court erred in admitting extraneous offense evidence and by failing to give an appropriate jury instruction on the use of extraneous offense evidence.  *Gray*, 2006 WL 2627410, at *1.  The Court of Appeals overruled these complaints and

Gray pursued no petition for discretionary review.  *See O'Sullivan,* 526 U.S. at 845, 119 S.Ct. at 1732-1733 (holding that petitioner must have filed petition for discretionary review with state's highest court to exhaust his direct appeal).  But Gray then filed a state application for habeas relief in which he raised all of the claims of trial court error that are presented in his federal petition. (State Habeas R. 152-53).  Accordingly, Respondent's contention that the claims are unexhausted is contrary to the record.

Respondent's assertion that Gray's claims are barred because the state habeas court rejected them based on state procedural grounds is somewhat more successful.  The federal courts generally will not review a question of federal law decided by the state court if the decision of the state court rests upon grounds that are independent of the merits of the claim and adequate to support that judgment.  *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995).  If, however, the face of the state court opinion does not clearly show that the court's decision was based upon adequate and independent state law grounds or include a plain statement that such was the case, the federal courts will presume that the state court decision was based upon federal law.  *Coleman v. Thompson*, 501 U.S. 722, 735,  111 S.Ct. 2546, 2557, 115 L.Ed.2d 640 (1991); *Shaw v. Collins*, 5 F.3d 128, 131 (5th Cir. 1993).

Texas law requires that allegations of trial court error be presented on direct appeal and the state habeas court will refuse to entertain claims that could have and should have been brought on direct appeal.  *See, e.g., Ex parte Webb*, 270 S.W.3d 108, 111-112 (Tex. Crim. App. 2008).  But the state habeas court expressly applied this procedural bar only to Gray's complaints about the

improper admission of evidence.[1] (State Habeas R. 169). The state habeas court did not apply the procedural bar to Gray's allegations that he was not adequately informed about his right to counsel, that the trial court erred by not instructing the jury that extraneous offenses must be proved beyond reasonable doubt, and that no deadly weapon instruction was included in the jury charge.[2] Gray's complaints related to the trial court's improper admission of evidence are procedurally defaulted, but his remaining claims of trial court error are not.

With respect to Gray's defaulted claims, the procedural bar may be excused if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.[3] *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008). A showing of cause requires that some objective factor external to the defense impeded efforts to comply with the State's procedural rule, such as the factual or legal basis for a claim was not reasonably available to the petitioner or some interference by officials made compliance impracticable. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008). Gray has alleged that his appellate counsel rendered constitutionally ineffective assistance, which may

---

[1] The last state court to address Gray's state habeas application was the Texas Court of Criminal Appeals, which denied relief and adopted the state habeas trial court's findings of fact and conclusions of law; therefore, the federal courts look through to the state habeas trial court's resolution of the application to determine if an issue was decided on its merits or dismissed on procedural grounds. *See Jackson v. Johnson*, 194 F.3d 641, 651 (5th Cir.1999).

[2] The state habeas court also found that Gray's complaint related to the reasonable doubt instruction was procedurally barred because it had been heard and rejected on direct appeal. (State Habeas R. 169). This does not constitute a procedural bar in the traditional sense and does not prevent the federal district court from addressing the merits. *See Ylst v. Nunnemaker*, 501 U.S. 797, 804 n. 3, 111 S.Ct. 2590, 2595 n. 3, 115 L.Ed.2d 706 (1991); *Bennett v. Whitley*, 41 F.3d 1581, 1583 (5th Cir.1994).

[3] A petitioner also can overcome the bar by establishing that a fundamental miscarriage of justice would result if the court refused to consider a claim, but this requires a showing that a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 393, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004); *Hughes v. Quarterman*, 530 F.3d 336, 341-342 (5th Cir. 2008). Gray cannot make such a showing.

constitute cause to excuse a procedural bar.  *Matchett v. Dretke*  380 F.3d 844, 848-849 (5th Cir. 2004).  But as discussed *infra*, Gray has not shown that appellate counsel was ineffective in any constitutional sense.  Because Gray has not demonstrated cause, the court need not consider the existence of actual prejudice. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir.1997).  The federal court is precluded from reviewing Gray's complaints of evidentiary trial court errors.

The court is not barred from reviewing Gray's complaint that the trial court compromised his right to counsel  by failing to ask him if he wanted to proceed when one of his defense attorneys had to be absent from the trial.  Two defense attorneys represented Gray at trial: Deatria Norfleet was Gray's appointed counsel, but Leon Haley acted as lead counsel with Gray's approval.  (State Habeas R. 164).  Norfleet occasionally left the courtroom during trial to perform additional research and investigation.  (State Habeas R. 164).  Haley did not request a continuance during these periods, and Gray relies on nothing more than unsupported accusations questioning Haley's competency to proceed in Norfleet's absence.  Gray has not shown that the trial court was deficient in not sua sponte halting the trial or asking Gray if he wished to proceed during Norfleet's absence. *See United States v. Gray*, 565 F.2d 881, 886-890 (5th Cir. 1978)(rejecting claim that continuance was required because of illness of lead counsel who was most familiar with case absent proof that substitute counsel was constitutionally ineffective); *Rosales v. State*, 841 S.W.2d 368, 372-73 (Tex. Crim. App. 1992)(denying continuance on account of lead counsel's absence is within trial court's discretion, at least where record shows that nothing could have been done for defendant that associate counsel who appeared for defendant did not do).  Gray has not demonstrated that the state court, in rejecting his complaint of trial court error, reached a decision that is contrary to or an unreasonable application of clearly established federal law.

Gray asserts that the trial court did not instruct the jury during the guilt-innocence stage of trial on the law applicable to a deadly weapon finding. The state habeas court determined that the trial court properly instructed the jury on the deadly weapon issue. (State Habeas R. 169). A review of the jury charge confirms that it included an instruction on the definition of a deadly weapon and instructed the jury on the necessity of making a deadly weapon finding. (Clerk's R. 38-40). Gray has not produced clear and convincing evidence to rebut the underlying state court findings of fact, and has not demonstrated that the state court has acted contrary to or unreasonably applied clearly established federal law.

Gray also complains that the trial court did not include a proper reasonable-doubt instruction on the use of extraneous offenses during the punishment phase. The Texas Court of Appeals rejected this argument on direct appeal. *Gray*, 2006 WL 2627410, at *1-2. The appellate court conceded that the trial court had erred in omitting the instruction, but declined to grant relief because the error had not resulted in egregious harm. *Id*. at *1. The appellate court reasoned that the admission of the two extraneous offenses, which concerned Gray's assault on a fellow inmate and his act of providing false identification to a police officer, were overshadowed by evidence that was admitted regarding Gray's numerous convictions for offenses including burglary, larceny, escape, drug possession, assault with bodily injury, and attempted murder. *See id*.

Even though state law demands a jury instruction on proof beyond reasonable doubt, Gray's argument does not implicate any federal constitutional concerns. Federal law does not require that the jury be instructed that any unadjudicated offenses offered at the punishment phase must be proved beyond a reasonable doubt. *See Beazley v. Johnson*, 242 F.3d 248, 262 (5th Cir.2001); *Harris v. Johnson*, 81 F.3d 535, 540-41 (5th Cir.1996). In addition, a trial court error would not warrant

relief unless it had a substantial and injurious effect on the jury's verdict, which Gray has not shown. *See Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)(requiring petitioner to demonstrate that trial error resulted in actual prejudice). Gray has not demonstrated that he is entitled to relief based on the trial court's failure to include a reasonable doubt instruction in the jury charge or any of his other complaints of trial court error.

2.    Prosecutor Misconduct

a.    Exculpatory Evidence

Gray complains that the prosecutor withheld exculpatory evidence about the criminal history of complaining witness Yolanda Mitchell. Gray asserts that he called the police in January 2003 to report a domestic violence situation and that Mitchell, who was his girlfriend at that time, was arrested for assaulting him and for possession of drug paraphernalia. Gray contends that the prosecutor did not disclose this offense. If the prosecution suppresses evidence favorable to an accused, this violates due process where the evidence is material to either guilt or punishment, irrespective of the good faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). To state a *Brady* claim, the defendant must demonstrate that (1) the prosecution suppressed evidence, (2) the evidence was favorable, (3) the evidence was material to guilt or punishment, and (4) the defendant's late discovery of the allegedly favorable evidence was not the result of a lack of due diligence. *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997).

The state habeas court recommended that Gray's claim be denied because, as the complainant, Gray was aware of Mitchell's 2003 arrest and because there was no proof that Mitchell was convicting of assaulting Gray or that the prosecutor withheld information related to the 2003

offense.  (State Habeas R. 165, 170).  The state habeas court also noted that Gray testified at trial that he had called the police on a previous occasion because Mitchell had assaulted him, but Gray also admitted during his testimony that Mitchell was not convicted of assaulting him.  (State Habeas R. 165; 5 Rep. R.219-20).  Gray has not rebutted the state habeas court's findings of fact or demonstrated that the state court's failure to grant relief on his *Brady* claim is a decision that is contrary to or an unreasonable application of federal law.

>  b.  Closing Arguments

Gray complains that the prosecutor made improper and inflammatory remarks during closing argument.   Respondent suggests that this claim is procedurally barred from federal habeas review because it was presented to the Texas Court of Criminal Appeals for the first time in an application for state post-conviction relief. (See Resp. Ans. at 14-17). The state habeas court recommended that Gray's complaints of prosecutor misconduct be denied, reasoning that allegations of improper jury argument are not allowable grounds for collateral relief.  (State Habeas R. 170).

Although a federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default, only procedural rules that are firmly established and regularly followed by state courts can prevent habeas review of a federal constitutional claim. See *Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982); *Smith v. Black*, 970 F.2d 1383, 1386 (5th Cir.1992).  Here, while it is true that Gray could have raised this claim on direct appeal, it is not clear that Texas law precludes its consideration on collateral review. The Texas Court of Criminal Appeals recognizes that habeas corpus is reserved for jurisdictional defects that render the judgment void and for denials of fundamental or constitutional rights. *Ex parte Sanchez*, 918 S.W.2d 526, 527 (Tex. Crim. App.1996). Gray's claim of improper jury

argument implicates his right to a fair trial under the Fourteenth Amendment, and contrary to the state habeas court's reasoning, this would make it an issue amenable to habeas review in the state courts. (State Habeas R. 60). In addition, the state habeas court made findings of fact on the merits of Gray's complaint of improper closing argument, which suggests that the court was not relying wholly on state procedural grounds. (State Habeas R. 165). The federal court is not precluded from considering the merits of Gray's claim.

The threshold inquiry is whether the prosecutor's argument was indeed improper. *See United States v. Parker*, 877 F.2d 327, 332 (5th Cir. 1989). But habeas relief is not automatic even if the argument is deemed improper. Relief is warranted only if the comments so infected the trial as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986); *Parker*, 877 F.2d at 332. Improper comments by the state are a matter of constitutional magnitude only if so prejudicial that the trial was rendered fundamentally unfair. *Jones v. Butler*, 864 F.2d 348, 356 (5th Cir. 1988). *See generally Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

Under Texas law there are four areas of permissible jury argument: 1) summations of the evidence; 2) reasonable inferences or deductions from the evidence; 3) responses to opposing counsel's argument; and 4) pleas for law enforcement. *Rocha v. State*, 16 S.W.3d 1, 21 (Tex. Crim. App. 2000). Gray complains that the prosecutor should not have urged the jury to impose the maximum sentence of life imprisonment, but the state habeas court found nothing improper in asking the jury for a particular sentence. (7 Rep. R. 21-22; State Habeas R. 165). In fact, the prosecutor's argument appears to touch on at least two permissible areas of argument as both a plea for law enforcement and in response to opposing counsel's antecedent argument that a sentence of

twenty-five years would be appropriate. (7 Rep. R. 20). *Cf. Fields v. State*, 932 S.W.2d 97, 112 (Tex. App.–Tyler 1996, pet. ref'd)(finding that prosecutor's argument that maximum punishment would be the right decision was proper plea for law enforcement).

Gray also contends that the prosecutor improperly disclosed that Gray was infected with the human immunodeficiency virus (HIV) when there was no evidence of this introduced at trial. During closing arguments at the punishment stage, the prosecutor referred to Gray's history of mistreating people and as an example noted that Gray knew he was HIV positive when he spit on a police officer.  (7 Rep. 21).  The state habeas court found that the police officer who arrested Gray testified that Gray spit on him during the arrest, that there was evidence that Mitchell was HIV positive and that Gray had shared drug needles and had a sexual relationship with her, and that Gray had not arranged to be tested for HIV after learning that Mitchell had the virus.  (State Habeas R. 165).  The state court determined that the prosecutor had made a reasonable deduction from the evidence. (State Habeas R. 165).

The prosecutor is permitted to argue reasonable inferences from the evidence. *See ShisInday v. Quarterman*, 511 F.3d 514, 526 (5th Cir. 2007).   And although HIV infection is a sensitive topic, the Fifth Circuit recognizes that a prosecutor is permitted to impress upon the jury the serious nature of a defendant's conduct.  *See United States v. Lowenberg*, 853 F.2d 295, 303-304 (5th Cir. 1988)(finding that argument regarding spread of sexually transmitted disease was not reversible error because  prosecutor was impressing on jury the serious consequences of defendants' participation in prostitution business).   Gray has not demonstrated that the prosecutor's argument was improper, nor could he demonstrate that any comment about his HIV-positive status denied him a fundamentally fair trial in light of the record as a whole.

Gray also contends that the prosecutor inflamed the jury by arguing that "[a]ll he has done so far is not kill somebody.  He has shown he has the propensity to kill." (7 Rep. R.  22).  This argument was another reasonable inference from the nature of the offense for which he was on trial and evidence of Gray's extensive criminal record, which included convictions for attempted murder and multiple counts of assaults.  Gray has not shown that the prosecutor's comment was improper, much less that the comment denied him a fundamentally fair trial.

Gray also argues that the prosecutor improperly alluded to the existence of other victims, which called on the jury to speculate that he had committed other offenses of which there was no proof.  (7 Rep. R. 21-22).  In closing, the prosecutor argued:

> Every day it is about drugs, it's about what criminal activity that he can get away with, and those are only the ones that we know about.
> > So why give him another chance?
> > Why let him out to hurt another person?
> > Why let him choose another victim?

(7 Rep. R. 22).  The prosecutor's argument appears to touch on both Gray's past conduct and his tendency to commit criminal acts in the future.

A prosecutor can argue reasonable deductions about a defendant's propensity to commit future crimes and request harsh punishment to deter or prevent a defendant from committing future criminal acts, which is a permissible plea for law enforcement.  *Sterling v. State*, 830 S.W.2d 114, 121 (Tex. Crim. App. 1992); *Asay v. State*, 456 S.W.2d 903, 905-06 (Tex. Crim. App. 1970).  But it is not proper to refer to facts outside the record.  *Borjan v. State*, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990)(en banc). Nonetheless, it is not enough that the prosecutor's remarks are undesirable or even universally condemned.  *See Nichols v. Scott*, 69 F.3d 1255, 1278 (1995)(citing *Darden*, 477 U.S. at 181, 106 S.Ct. at 2471).  The standard of review for such a claim on writ of habeas corpus

is the narrow one of due process, not the broad exercise of supervisory power. *Darden*, 477 U.S. at 180-181, 106 S.Ct. at 2471.  Given the record as a whole, Gray cannot show that the prosecutor's argument so infected the penalty phase of the trial with unfairness as to make the resulting life sentence a denial of due process.  *See Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir.2000).  The state court's failure to grant relief on Gray's claims of prosecutorial misconduct is not contrary to or an unreasonable application of clearly established federal law.

       3.       Ineffective Assistance of Trial Counsel

Gray contends that he was denied his Sixth Amendment right to the effective assistance of counsel at trial.  The two-pronged standard by which a claim of ineffective assistance of counsel is measured is set forth in *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984).   The first prong  requires the defendant to show that counsel's performance was deficient in that the errors made were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.  *Id*. at 687, 104 S.Ct. at 2064.  The second prong requires the defendant to show prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.  *Id*. at 694, 104 S.Ct. at 2068.  The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one.  *Id*. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d 674.  Claims of ineffective assistance are mixed questions of law and fact.  *Id*. at 698, 104 S.Ct. at 2070.  Because the state court denied relief on this claim, the federal court cannot grant habeas relief unless the state court's decision involved an unreasonable application of the law to the facts.  28 U.S.C. § 2254(d)(1).

Gray asserts that he was deprived of constitutionally effective counsel because one of his

attorneys was absent during portions of the trial and counsel failed to request a continuance during these periods.   Gray contends that he is excused from showing prejudice because counsel was totally absent from critical stages of trial; therefore, prejudice is presumed under the Supreme Court's opinion in *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

The state habeas court found no merit to Gray's contention, and Gray has shown no basis for the federal courts to overturn that determination.  (State Habeas R. 171-72).  Two defense attorneys represented Gray at trial: Leon Haley and Deatria Norfleet.  (State Habeas R. 164).  Norfleet occasionally left the courtroom during the trial to perform additional research and investigation. (State Habeas R. 164).  Defense counsel confirmed that Gray understood that Haley was lead counsel, that Gray was comfortable with Haley continuing with the trial in Norfleet's absence, and that Gray did not object when Norfleet had to leave during trial.  (State Habeas R. 157, 159).

Contrary to Gray's contention, this is not a case where prejudice can be presumed because the representation he received is not comparable to the constructive denial of counsel condemned in *Cronic*.  *See Cronic*,466 U.S. at 653-58, 104 S.Ct. at 2043-46.  Gray asserts that he had only minimal contact with Haley before trial, but the Sixth Amendment does not guarantee that a defendant have or develop a meaningful relationship with his attorney. *Morris v. Slappy*, 461 U.S. 1, 14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). And the court has found no constitutional authority that would require counsel and co-counsel to be present at all times so long as reasonably effective assistance is provided.  *Cf. Gray*, 565 F.2d at 886-890 (rejecting claim that continuance was required after lead counsel fell ill absent proof that substitute counsel was constitutionally ineffective).  Gray has not demonstrated that Norfleet's intermittent absence from the courtroom was either deficient performance or prejudicial to his defense or that co-counsel's absence presented a meritorious

ground for a motion for continuance.

Gray also complains that counsel failed to adequately consult with him, conduct discovery, or prepare for trial. Based on affidavits from Gray's defense attorneys, the state habeas court found that Gray's complaints had no foundation in the evidence and that counsel had not rendered deficient assistance in investigating and preparing for trial. (State Habeas R. 166-68).   The state habeas court further found that counsel had checked out every possible defense that Gray wanted and that Gray had not produced any additional evidence that counsel could have discovered with further investigation. (State Habeas R. 168). *See West v. Johnson*, 92 F.3d 1385, 1408 (5th Cir. 1996). Gray has not produced clear and convincing evidence to rebut the state court's findings of fact, and has not demonstrated that the state court's rejection of his complaints about his attorneys' pretrial preparations is an unreasonable application of federal law.

Gray complains that counsel should have requested appointment of a medical expert to assist in his defense, but the state habeas court found no evidence that a medical expert was necessary. (State Habeas R. 167). Gray has not rebutted this finding with any evidence of the assistance that a medical expert could have provided. Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified to are largely speculative. *Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir. 2007). Gray has not shown that counsel was ineffective in not obtaining expert assistance or that he was prejudiced as a result.

Gray complains that defense counsel was deficient in failing to file a motion in limine and a motion for discovery. Gray argues that a motion in limine was necessary to prevent the state from using his remote convictions to impeach him in violation of Texas Rule of Evidence 609, but the

state habeas court found this complaint was meritless because Gray had testified about his prior convictions on direct examination,[4] not as a matter of impeachment.  (State Habeas R. 164).   The state court also found that the district attorney's office operated under an open-file policy that obviated the need to file a motion for discovery and that Gray had no credible proof that the State did not hand over any evidence because a motion for discovery was not filed.  (State Habeas R. 165). Gray has not shown that counsel's failure to file either motion was deficient performance or prejudicial as there is no reasonable probability of a different outcome had the motions been filed.[5]

Gray asserts that counsel failed to make sure that he understood his Fifth Amendment rights before he waived those rights and testified during his trial.  The state habeas court found that Gray had been advised of the pros and cons of testifying and that counsel allowed him to chose whether to testify or not.  (State Habeas R. 165).  The state court found no evidence to support Gray's claim that counsel failed to ensure that he understood his rights.  (State Habeas R. 166).  Gray also affirmed in open court that he understood he had the absolute right not to testify and that his criminal

---

[4] Gray testified that he had numerous assault convictions dating to 1993, 1994, 2002, and 2003; a 2004 conviction for failure to offer identification; an 1999 conviction for possession of a controlled substance; multiple convictions for public intoxication; a 1989 conviction for attempt murder; 1987 and 1989 convictions for burglary of a habitation; a 1982 conviction for escape; and miscellaneous other arrests for larceny, forgery, and robbery.  (5 Rep. R. 181-86).  The State had disclosed its intent to use Gray's convictions at trial (Clerk's R. 30), and Gray does not challenge defense counsel's decision to introduce the material as anything other than a reasonable strategic choice once Gray had made the decision to testify.  *See Denman v. State*, 193 S.W.3d 129, 135-137 (Tex. App.– Houston [1st Dist.] 2006, pet. ref'd)(deciding counsel was not ineffective in introducing defendant's criminal history on direct examination because trial court would not have erred in admitting those same convictions otherwise).  *See generally Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992)(outlining factors relevant to admissibility of impeachment evidence).

[5] Gray also alleges that defense counsel should have filed a motion to suppress, but does not identify the evidence that he wanted suppressed.  In his state habeas application, he indicated that the baseball bat should have been the subject of a motion to suppress, but does not explain why such a motion would have been meritorious. Based on information from a witness, the baseball bat was retrieved from where it had been thrown over a fence behind an apartment building.  (4 Rep. R. 72, 79-80).  Mitchell testified that Gray hit her several times with a baseball bat, and Gray admitted hitting Mitchell on the legs with the baseball bat before throwing it over the fence. (5 Rep. R. 21-25, 208-10).

history could be harmful, but he wanted to testify and give his version of what happened.  (5 Rep. 168-70).  Gray has not demonstrated that counsel did not adequately advise him on the issue of his Fifth Amendment rights before he made the decision to testify.

Gray also complains that counsel should have objected to  the State's introduction of crime-scene photographs that had been altered through enlargement and color-enhancement and to the improper expert testimony offered by one of the State's witnesses.  The state habeas court found no evidence that counsel's decisions about when to object or remain silent was anything other than reasonable trial strategy.  (State Habeas R. 167, 171).  The state habeas court further found no reasonable probability of a different outcome but for counsel's conduct.  (State Habeas R. 172).

Texas law leaves the admissibility of a photograph to the sound discretion of the trial judge, but photographs are generally admissible if verbal testimony as to matters depicted in the photographs is also admissible. *See Ramirez v. State*, 815 S.W.2d 636, 646-647 (Tex. Crim. App. 1991).  The federal courts likewise recognize that photographs that serve to illustrate and make witnesses' testimony more understandable do not offend due process. *Woods v. Johnson*, 75 F.3d 1017, 1039 (5th Cir.1996).  Gray has not established that counsel was constitutionally deficient in not objecting to the photographs as inadmissible or that the state court acted unreasonably in rejecting his complaint.

Gray also complains that defense counsel made no objection when the police officer who had responded to the scene offered an unqualified expert opinion on issues related to the baseball bat's function as a deadly weapon and the seriousness of the injuries that Mitchell had sustained.  Texas law allows a deadly-weapon finding to be supported by expert or lay testimony, and further recognizes that police officers can be expert witnesses with respect to whether a deadly weapon was

used. *Tucker v. State*, 274 S.W.3d 688, 692 (Tex. Crim. App. 2008).  In addition, the police officer is allowed to testify and offer opinions, beliefs, and inferences drawn from events that he personally observed, such as the victim's injuries and blood loss.  *See Osbourn v. State*, 92 S.2.3d 531, 536 (Tex. Crim. App. 2002).  Gray has not demonstrated that the state court acted unreasonably in rejecting his complaint that counsel should have objected to the police officer's qualifications.

Gray asserts that defense counsel was ineffective in failing to object to improper prosecutor arguments.  As already determined, most of the prosecutor's comments were not objectionable.  Moreover, Gray has not demonstrated any reasonable probability of a different outcome had counsel objected.  The evidence is overwhelming that Gray committed the aggravated assault and that he has an extensive criminal history that spans three decades.   The state court did not unreasonably apply clearly established federal law in rejecting Gray's complaints about counsel's failure to object during closing arguments stated no basis for relief.

Gray asserts that counsel was ineffective in failing to request that the jury charge on punishment include a reasonable doubt instruction on the issue of extraneous offenses.  The Texas Court of Appeals noted on direct appeal that a reasonable doubt instruction was mandatory, whether requested or not, thus counsel should have asked for the instruction.  *See Gray*, 2006 WL 2627410, at *1.  But the state appellate court also found it was "unthinkable" that  introducing two extraneous offenses without instructing the jury on the proper use of those offenses  constituted reversible error when the jury was aware that  Gray had been convicted of committing numerous other offenses that were far  more  serious  and  far  more  likely  to  influence  the  jury's  verdict.   *Id*. Under the circumstances, Gray cannot show a reasonable probability of a different outcome, such as a lighter

sentence, but for counsel's failure to request a reasonable-doubt instruction.[6]  *See Mayabb v. Johnson*, 168 F.3d 863, 869 (5th Cir. 1999)(noting that harmless error in a jury charge cannot be the basis for finding *Strickland* prejudice).

Gray has not demonstrated that he is entitled to federal habeas corpus relief based on his complaints of ineffective assistance of trial counsel.

4.      Ineffective Assistance of Appellate Counsel

Gray also contends that appellate counsel was constitutionally ineffective in failing to raise meritorious points on appeal.  Appellate counsel argued on appeal that the trial court erred in failing to instruct the jury on the burden of proof with respect to extraneous offenses and erred in allowing the State to question Gray about the extraneous offenses.  *Gray*, 2006 WL 2627410, at *1, 2. Gray asserts that appellate counsel should have challenged the sufficiency of the evidence, the deadly weapon finding, the trial court's failure to conduct a proper balancing test under state law before admitting evidence of his criminal history, and the admission of testimony from a police officer who was not qualified to testify as an expert.

Persons convicted of a crime are entitled to the constitutionally effective assistance of counsel in their first appeal as a matter of right. *See Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821 (1985).  Appellate counsel's performance is judged under the same test that governs a review of trial counsel's performance.  *Smith v. Robbins*,  528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000).  *See generally Strickland*, 466 U.S. at 698, 104 S.Ct.  at 2070.

---

[6]  Gray also contends that counsel should have objected to the introduction of extraneous offenses as well. The prosecutor questioned Gray about his assault on a fellow prisoner and his failure to identify himself to a police officer.  The Texas Court of Appeals found that both incidents were admissible and relevant for purposes other than showing Gray's character generally. *Gray*, 2006 WL 2627410, at *3-4.  The appellate court notedthat counsel had not objected to the evidence as more prejudicial than probative, *Id.*, but as already discussed, there is no reasonable probability of a different outcome even if the extraneous offenses should have been excluded.

The state habeas court noted that appellate counsel is not allowed to raise claims that are not founded in the record.  (State Habeas R. 172).  The court further found no proof that the issues that counsel raised on appeal were meritless or inadequate, or that there other were issues that would have been successful had they been raised on appeal.  (State Habeas R. 172).  Gray's assertions that appellate counsel should have challenged the sufficiency of the evidence or the appropriateness of a deadly weapon finding are frivolous given the evidence presented at trial.  Gray's complaint related to the trial court's failure to conduct a proper balancing test before admitting his prior convictions is also specious.  Gray testified on his own behalf at trial and his lengthy criminal history came in as a result of his choice to testify.  (5 Rep. R. 181-83).  The state habeas court further found that Gray failed to prove that any challenge to the admission of the police officer's testimony would have been successful.  (State Habeas R. 173).

A defendant has no constitutional right to compel appointed counsel to press even non-frivolous points requested by the client if counsel, as a matter of professional judgment, decides not to present those points.  *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983).  The state habeas court concluded that Gray had not shown that appellate counsel's performance fell below an objective standard of reasonableness or that Gray had made the necessary showing of prejudice as a result of counsel's alleged deficient conduct.   (State Habeas R. 173).  Gray has not shown that the state court reached a decision that reflects an unreasonable application of clearly established federal law.

H.      EVIDENTIARY HEARING

Gray asserts in conclusory fashion that he is entitled to an evidentiary hearing.  There are statutory prerequisites for holding an evidentiary hearing:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on–
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).  *See also Williams v. Taylor*, 529 U.S. 420, 432, 120 S.Ct. 1479, 1488, 146 L.Ed.2d 435 (2000).  Gray's contentions do not rely on any new constitutional law or previously undiscoverable facts, and assuming Gray could establish due diligence, he cannot show that but for alleged constitutional error, no reasonable factfinder would have found him guilty.  42 U.S.C. § 2254(e)(2)(B).

Even if the statutory prerequisites were met, Rule 8 of the Rules Governing Section 2254 Cases vests the district court with discretion in conducting an evidentiary hearing.  *See Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000).  When the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.  *Schriro v. Landrigan*, 550 U.S. 465, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007).

Gray complains that the state court determination was based only on affidavits submitted by trial counsel, rather than a live evidentiary hearing, but the mere fact that the state court relied on a paper hearing does not establish that the federal court must hold its own hearing.  *See Morrow v. Dretke*, 367 F.3d 309, 315 (5th Cir. 2004).  Moreover, the Fifth Circuit has determined that a full

and fair hearing is not a precondition to according a presumption of correctness to state court findings of fact or applying § 2254(d)'s deferential standards of review. *Valdez v. Cockrell*, 274 F.3d 941, 949 (5th Cir. 2001). Gray has not demonstrated that he is entitled to a hearing under Section 2254 or that a hearing would be of any assistance in disposing of his claims.

<u>RECOMMENDATION</u>

The petition for writ of habeas corpus should be denied. The request for an evidentiary hearing should be denied.

<u>NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT</u>

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until April 17, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until April 17, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED MARCH 27, 2009.


/s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE